UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY MOORE PAINT COMPANY, INC.,<br><br>          Plaintiff,<br><br>    v.<br><br>NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PA,<br><br>          Defendant. | Case No. 14-cv-01797-MEJ<br><br>**ORDER RE: MOTION TO DISMISS**<br>Re: Dkt. No. 9 |

## INTRODUCTION

Plaintiff Kelly-Moore Paint Company, Inc. ("Plaintiff") filed this insurance coverage action against one of its insurers, Defendant National Union Fire Insurance Company of Pittsburgh, PA ("Defendant"), alleging that Defendant has a duty under six insurance policies to defend and indemnify it against claims by persons alleging injury caused by exposure to asbestos from Plaintiff's products. Thorpe Decl., Ex. A ("Compl."), Dkt. No. 1-2. Plaintiff alleges causes of action for declaratory relief, breach of contract, and breach of the covenant of good faith and fair dealing. *Id.* Pending before the Court is Defendant's Motion to Dismiss Plaintiff's claim for punitive damages for failure to state a claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), and Motion to Dismiss Plaintiff's Third Cause of Action for Breach of the Covenant of Good Faith and Fair Dealing, pursuant to Rule 12(b)(6) and 12(c). Dkt. No. 9. The Court finds this motion suitable for disposition without oral argument and VACATES the June 12, 2014 hearing. Civ. L.R. 7-1(b). Having considered the parties' papers, relevant legal authority, and the record in this case, the Court **DENIES** Defendant's Motion for the reasons set forth below.

**BACKGROUND**

In its Complaint, Plaintiff alleges that it has been named as a defendant in thousands of asbestos-related bodily injury claims, which allege that Plaintiff is liable for injuries suffered by claimants as a result of their exposure to products manufactured by Plaintiff. Compl. ¶ 6. Plaintiff alleges that Defendant provided general liability coverage for the period of October 1, 1989 through October 1, 1995. *Id.* ¶ 4. Plaintiff further alleges that it tendered 12 claims to Defendant on July 3, 2013, and retendered those claims on October 29, 2013, but Defendant failed to respond to these tenders. *Id.* at ¶¶ 7-8, 10-11. As a result of Defendant's alleged failure to respond, defend, and indemnify the claims, Plaintiff alleges that it has suffered damages in an amount in excess of $500,000. *Id.* ¶ 16.

Plaintiff filed this lawsuit on March 20, 2014 in the Superior Court for the County of San Mateo. The Complaint includes causes of action for Declaratory Relief, Breach of Contract—Duty to Defend, Breach of Contract—Duty to Indemnify, and Breach of the Covenant of Good Faith and Fair Dealing. Plaintiff seeks punitive damages "in amounts sufficient to punish and make an example of [Defendant] in order to deter such conduct in the future." *Id.* ¶ 37. On April 18, 2014, Defendant removed the lawsuit to this Court. Not. of Removal, Dkt. No. 1.

On April 25, 2014, Defendant filed the present Motion to Dismiss. Dkt. No. 9. Defendant argues that Plaintiff's claim for punitive damages should be dismissed pursuant to Rule 12(b)(6) because Plaintiff fails to allege facts that Defendant acted with oppression, fraud, or malice. Mot. at 3. Defendant further argues that Plaintiff's Third Cause of Action for Breach of the Covenant of Good Faith and Fair Dealing should be dismissed pursuant to Rule 12(b)(6) or based on judgment on the pleadings pursuant to Rule 12(c) because the facts, alleged, even if true, fail to support that Defendant withheld policy benefits unreasonably and without proper cause. *Id.* Plaintiff filed its Opposition on May 9, 2014 (Dkt. No. 13), and Defendant filed its Reply on May 16, 2014 (Dkt. No. 14).

**LEGAL STANDARD**

**A.  Rule 12(b)(6)**

Under Federal Rule of Civil Procedure ("Rule") 12(b)(6), a party may file a motion to

dismiss based on the failure to state a claim upon which relief may be granted. A Rule 12(b)(6) motion challenges the sufficiency of a complaint as failing to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facial plausibility standard is not a "probability requirement" but mandates "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). For purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). "[D]ismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008) (internal quotations and citations omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law").

Even under the liberal pleading standard of Rule 8(a)(2), under which a party is only required to make "a short and plain statement of the claim showing that the pleader is entitled to relief," a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555.) "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively"). The court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663-64.

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly

1   be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en
2   banc) (internal quotation marks and citations omitted).

**B.     Rule 12(c)**

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  The analysis for Rule 12(c) motions for judgment on the pleadings is "substantially identical to [the] analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (quotation omitted).   A Rule 12(c) motion thus may be predicated on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  When considering a motion under Rule 12(c), the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).  "A judgment on the pleadings is proper if, taking all of [plaintiff]'s allegations in its pleadings as true, [defendant] is entitled to judgment as a matter of law." *Compton Unified School Dist. v. Addison*, 598 F.3d 1181, 1185 (9th Cir. 2010).

Rule 12(c) neither expressly provides for, nor bars, partial judgment on the pleadings.  It is common to apply Rule 12(c) to individual causes of action. *Moran v. Peralta Cmty. Coll. Dist.*, 825 F. Supp. 891, 893 (N.D. Cal. 1993).  "Courts have discretion to grant leave to amend in conjunction with 12(c) motions, and may dismiss causes of action rather than grant judgment." *Id.* As with a Rule 12(b)(6) motion to dismiss, a court granting judgment on the pleadings pursuant to Rule 12(c) should grant leave to amend even if no request for leave to amend has been made, unless it is clear that amendment would be futile. *Pac. W. Grp., Inc. v. Real Time Solutions, Inc.*, 321 Fed. App'x. 566, 569 (9th Cir. 2008).

**DISCUSSION**

**A.     Punitive Damages**

In its Complaint, Plaintiff seeks punitive damages "in amounts sufficient to punish and make an example of [Defendant] in order to deter such conduct in the future." Compl. ¶ 37.

4

Defendant argues that Plaintiff's claim has no factual support and should be dismissed. Mot. at 6. Specifically, Defendant contends that Plaintiff must allege and show that it was guilty of oppression, fraud, or malice, which the facts as alleged do not show. *Id.* at 7.

The right to recover punitive damages in California is governed by Civil Code section 3294, which provides that punitive damages are appropriate where a plaintiff establishes by clear and convincing evidence that the defendant is guilty of (1) fraud, (2) oppression or (3) malice. Cal. Civ. Code § 3294(a)). Under section 3294(c), "a plaintiff may not recover punitive damages unless the defendant acted with intent or engaged in 'despicable conduct.'"[1] *In re First Alliance Mortg. Co.*, 471 F.3d 977, 998 (9th Cir. 2006). "The adjective 'despicable' connotes conduct that is so vile, base, contemptible, miserable, wretched or loathsome that it would be looked down upon and despised by ordinary decent people." *Lackner v. North*, 135 Cal. App. 4th 1188, 1210 (2006) (internal quotation marks and citations omitted).

In federal court, while section 3294 governs the substantive standard Plaintiff must meet in order to obtain punitive damages, Plaintiff need not allege facts supporting such a claim with particularity. *Tamburri v. Suntrust Mortg., Inc.*, 2012 WL 3582924, at *3 (N.D. Cal. Aug. 20, 2012); *Taheny v. Wells Fargo Bank, N.A.*, 2011 WL 1466944, at *4 (E.D. Cal. Apr. 18, 2011) ("Although Section 3294 provides the governing substantive law for punitive damages,

---

[1] Section 3294(c) provides:

> As used in this section, the following definitions shall apply:
>
> (1) "Malice" means conduct, which is intended by the defendant to cause injury to the plaintiff or despicable conduct, which is carried on by the defendant with a willful and conscious disregard for the rights or safety of others.
>
> (2) "Oppression" means despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that persons' rights.
>
> (3) "Fraud" means an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury.

Cal. Civ. Code § 3294.

California's heightened pleading standard irreconcilably conflicts with Rules 8 and 9 of the Federal Rules of Civil Procedure—the provisions governing the adequacy of pleadings in federal court.") (quoting *Clark v. Allstate Ins. Co.*, 106 F.Supp.2d 1016, 1018 (S.D. Cal. 2000)). "Thus, 'in federal court, a plaintiff may include a "short and plain" prayer for punitive damages that relies entirely on unsupported and conclusory averments of malice or fraudulent intent.'" *Taheny*, 2011 WL 1466944, at *4 (quoting *Clark*, 106 F. Supp. 2d at 1019; citing *Somera v. Indymac Fed. Bank, FSB*, 2010 WL 761221 (E.D. Cal. Mar. 3, 2010) ("Under federal pleading standards, defendant's argument that plaintiff must plead specific facts to support allegations for punitive damages is without merit.")).

Here, the Court finds that Plaintiff has satisfied the federal pleading standard. Taken as true, Plaintiff's Complaint includes averments that Defendant acted with oppression, fraud, or malice when, for a period of nine months, it consciously and unreasonably refused to respond to Plaintiff's tender of asbestos-related bodily injury claims, refused to indemnify Plaintiff, failed to investigate and make a coverage determination, and failed to communicate with Plaintiff regarding the tendered claims. Compl. ¶ 32. Plaintiff further alleges that this conduct is a common pattern and practice on the part of Defendant, and that, "in acting in this way, [Defendant] acted with malice, fraud and/or oppression, as defined by California Civil Code §3294." *Id.* ¶¶ 32-34. Given these allegations, a reasonable jury could find evidence of malicious, oppressive or fraudulent conduct, sufficient to support an award of punitive damages. Whether Plaintiff will be able to prove these allegations is another matter to be resolved at a later date. Accordingly, at this stage in the pleadings, the Court DENIES Defendant's Motion to Dismiss Plaintiff's claim for punitive damages.

**B.     Breach of the Covenant of Good Faith and Fair Dealing**

In its Third Cause of Action, Plaintiff alleges that Defendant has violated the covenant of good faith and fair dealing implied in insurance policies by: (a) consciously and unreasonably refusing to respond to Plaintiff's tender of asbestos-related bodily injury claims in a timely manner; (b) failing and refusing to defend and indemnify it for the claims; (c) failing to investigate and make a coverage determination; and (d) failing to communicate with Plaintiff regarding the

tendered claims.  Compl. ¶ 32.

In its Motion, Defendant argues that Plaintiff's claim must fail because it does not allege facts that Defendant unreasonably withheld policy benefits, or did so without proper cause.  Mot. at 6.  Defendant argues that Plaintiff's claim stems only from the purported tender of claims to Defendant in letters dated July 3, 2013 and October 29, 2013, yet Defendant states in its Answer that it is without information and belief as to whether Plaintiff wrote those two letters.  *Id.*; Answer ¶¶ 7-10, Dkt. No. 6.  Defendant further argues that, although Plaintiff alleges that it "consciously and unreasonably" refused to respond to Plaintiff's tender of claims, Defendant admits in its Answer that it has agreed to defend Plaintiff, under a reservation of rights, from the date of the purported tender (July 3, 2013).  Mot. at 6; Answer ¶¶ 7-10, 21.

In response, Plaintiff argues that its claim is adequate because it alleges that Defendant failed to respond to Plaintiff's tender of claims for defense and indemnity, and that it withheld the benefits to which Plaintiff is entitled under six insurance policies issued by Defendant, for a period of nine months – from July 2, 2013, when Plaintiff first wrote to Defendant, until March 20, 2014, when it filed this action.  Opp'n at 4.  Plaintiff maintains that Defendant's conduct was unreasonable by any measure because it did so without providing any explanation, without seeking any information from Plaintiff regarding the tendered claims, and without even acknowledging Plaintiff's tender.  *Id.*

The covenant of good faith and fair dealing, implied by California law in every contract, exists to prevent one contracting party from unfairly frustrating the other party's right to receive the benefits of the agreement.  *Guz v. Bechtel National Inc.*, 24 Cal.4th 317, 349 (2000).  "The covenant is implied as a supplement to the express contractual covenants, to prevent a contracting party from engaging in conduct that frustrates the other party's rights to the benefits of the agreement."  *Waller v. Truck Ins. Exch.*, 11 Cal .4th 1, 36 (1995).  "Breach of the covenant of good faith and fair dealing gives rise to a contract action . . . or, in limited contexts, a tort action with the tort measure of compensatory damages and the right to recover punitive damages." *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1369 (2010) (citing 1 Witkin, Summary of Cal. Law (10th ed. 2005) Contracts, § 800, p. 894).

7

A claim for breach of the implied covenant of good faith and fair dealing requires that: "(1) benefits due under the policy must have been withheld; and (2) the reason for withholding benefits must have been unreasonable or without proper cause." *Love v. Fire Ins. Exch.*, 221 Cal. App. 3d 1136, 1151 (1990). "There must be proof the insurer failed or refused to discharge its contractual duties not because of an honest mistake, bad judgment, or negligence, 'but rather by a conscious and deliberate act, which unfairly frustrates the agreed common purposes and disappoints the reasonable expectations of the other party thereby depriving that party of the benefits of the agreement.'" *Century Sur. Co. v. Polisso*, 139 Cal. App. 4th 922, 949 (2006) (quoting *Chateau Chamberay Homeowners Ass'n v. Assoc. Int'l Ins. Co.*, 90 Cal. App. 4th 335, 346 (2001)).

Here, the Court finds that Plaintiff has adequately pled a cause of action for breach of the implied covenant of good faith and fair dealing. Plaintiff asserts that Defendant acted in bad faith by failing to investigate its insurance coverage claims. "[A]n insurer may breach the covenant of good faith and fair dealing when it fails to properly investigate its insured's claim." *Egan v. Mut. of Omaha Ins. Co.*, 24 Cal.3d 809, 817 (1979). Although Defendant admits in its Answer that it has agreed to defend Plaintiff from the date of the purported tender, this does not negate Plaintiff's allegations that it failed to respond to Plaintiff's tender of claims for defense and indemnity, and subsequently withheld benefits under the policies for a period of more than nine months. Although a jury might ultimately determine that Defendant did not unreasonably delay or refuse to respond to Plaintiff's tender of claims, at this stage in the proceedings, the Court finds that Plaintiff has stated a plausible claim for relief. Accordingly, the Court DENIES Defendant's Motion as to Plaintiff's Third Cause of Action for Breach of the Covenant of Good Faith and Fair Dealing.

## CONCLUSION

Based on the analysis above, the Court DENIES Defendant's Motion to Dismiss.

**IT IS SO ORDERED.**

Dated: May 21, 2014

_____
MARIA-ELENA JAMES
United States Magistrate Judge