1

2

3                        UNITED STATES DISTRICT COURT

4                       NORTHERN DISTRICT OF CALIFORNIA

5

6   KELLY MOORE PAINT COMPANY,              Case No. 14-cv-01797-MEJ
    INC.,

7                    Plaintiff,             **ORDER RE: MOTION FOR LEAVE TO
                                            FILE FIRST AMENDED ANSWER AND**
8            v.                             **COUNTERCLAIM**

9   NATIONAL UNION FIRE INSURANCE           Re: Dkt. No. 26
    CO. OF PITTSBURGH, PA,
10
                     Defendant.
11

12                              **I.  INTRODUCTION**

13          Plaintiff Kelly-Moore Paint Company, Inc. ("Plaintiff") filed this insurance coverage

14   action against one of its insurers, Defendant National Union Fire Insurance Company of

15   Pittsburgh, PA ("Defendant"), alleging that Defendant has a duty under six insurance policies to

16   defend and indemnify it against claims by persons alleging injury caused by exposure to asbestos

17   from Plaintiff's products.  Thorpe Decl., Ex. A ("Compl."), Dkt. No. 1-2.  Plaintiff alleges causes

18   of action for declaratory relief, breach of contract, and breach of the covenant of good faith and

19   fair dealing.  *Id.*  Pending before the Court is Defendant's Motion for Leave to File First Amended

20   Answer and Counterclaim.  Dkt. No. 26.  Plaintiff has filed an Opposition (Dkt. No. 29) and

21   Defendant filed a Reply (Dkt. No. 31).  The Court finds this motion suitable for disposition

22   without oral argument and VACATES the October 30, 2014 hearing.  Civil L.R. 7-1(b).  Having

23   considered the parties' papers, relevant legal authority, and the record in this case, the Court

24   **GRANTS IN PART AND DENIES IN PART** Defendant's Motion for the reasons set forth

25   below.

26                                **II.  BACKGROUND**

27          In its Complaint, Plaintiff alleges that it has been named as a defendant in thousands of

28   asbestos-related bodily injury claims, which allege that Plaintiff is liable for injuries suffered by

United States District Court
Northern District of California

United States District Court
Northern District of California

1    claimants as a result of their exposure to products manufactured by Plaintiff.  Compl. ¶ 6.  Plaintiff

2    alleges that Defendant provided general liability coverage for the period of October 1, 1989

3    through October 1, 1995.  *Id.* ¶ 4.  Plaintiff further alleges that it tendered 12 claims to Defendant

4    on July 3, 2013, and retendered those claims on October 29, 2013, but Defendant failed to respond

5    to these tenders.  *Id.* at ¶¶ 7-8, 10-11.  As a result of Defendant's alleged failure to respond,

6    defend, and indemnify the claims, Plaintiff alleges that it has suffered damages in an amount in

7    excess of $500,000.  *Id.* ¶ 16.

8         Plaintiff filed this lawsuit on March 20, 2014, in the Superior Court for the County of San

9    Mateo.  The Complaint includes causes of action for Declaratory Relief, Breach of Contract—

10   Duty to Defend, Breach of Contract—Duty to Indemnify, and Breach of the Covenant of Good

11   Faith and Fair Dealing.  Plaintiff seeks punitive damages "in amounts sufficient to punish and

12   make an example of [Defendant] in order to deter such conduct in the future."  *Id.* ¶ 37.  On April

13   18, 2014, Defendant removed the lawsuit to this Court.  Not. of Removal, Dkt. No. 1.  Defendant

14   filed its Answer on April 25, 2014.  Dkt. No. 6.

15        On August 26, 2014, Defendant filed the present Motion to Amend.  Defendant requests

16   that the Court allow it to add additional defenses that came to light after filing its Answer.  Mot. at

17   1.  Defendant also seeks to add counterclaims that it maintains arise out of the same facts and

18   transactions at issue in Plaintiff's Complaint, and that also came to light after filing its Answer.

19   *Id.*  Defendant's proposed First Amended Answer adds four affirmative defenses: (1) Failure to

20   Perform Conditions Precedent; (2) Duty to Provide Notice; (3) Control of Defense and Settlement;

21   and (4) Fraud, Concealment, Deceit.  *Id.*, Ex. A.  The proposed Counterclaim contains causes of

22   action for (1) Declaratory Relief; (2) Breach of Contract; (3) Breach of Covenant of Good Faith

23   and Fair Dealing; (4) Fraud; (5) Reformation; and (6) Contribution, Indemnity, Subrogation.  *Id.*,

24   Ex. B.

25                          **III.  LEAVE TO AMEND**

26   **A.    Legal Standard**

27        Federal Rule of Civil Procedure 15 provides that a party may amend its pleading once as a

28   matter of course within (1) 21 days after serving the pleading or (2) 21 days after the earlier of

                                              2

1  service of a responsive pleading or service of a Rule 12(b) motion.  Fed. R. Civ. P. 15(a).  Outside

2  of this timeframe, "a party may amend its pleading only with the opposing party's written consent

3  or the court's leave," though the court "should freely give leave when justice so requires."  *Id.*

4  "Although the rule should be interpreted with 'extreme liberality,' leave to amend is not to be

5  granted automatically."  *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citation

6  omitted).

7      A court considers five factors in determining whether to grant leave to amend: "(1) bad

8  faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5)

9  whether plaintiff has previously amended his complaint."  *In re Western States Wholesale Nat.*

10  *Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (quoting *Allen v. City of Beverly Hills*, 911

11  F.2d 367, 373 (9th Cir. 1990)).  "Prejudice to the opposing party is the most important factor."

12  *Jackson*, 902 F.2d at 1387.

13  **B.**      **Discussion**

14          1.      Bad Faith

15      Bad faith may be shown when a party seeks to amend late in the litigation process with

16  claims which were, or should have been, apparent early.  *Bonin v. Calderon*, 59 F.3d 815, 846 (9th

17  Cir. 1995).

18      As stated above, Defendant seeks leave to add four new affirmative defenses to its Answer:

19  (1) Failure to Perform Conditions Precedent; (2) Duty to Provide Notice; (3) Control of Defense

20  and Settlement; and (4) Fraud, Concealment, Deceit.  Mot., Ex. A.  In its opposition, Plaintiff

21  asserts that, if Defendant had sought leave to add only the first three affirmative defenses, it might

22  have agreed to the amendment.  Opp'n at 12.  Plaintiff does not argue that the proposed defenses

23  were brought in bad faith; it only contends that the first three defenses are duplicative of the First,

24  Second, and Third Causes of Action Defendant alleges in its proposed Counterclaim.  *Id.* at 24.

25      In the record before the Court, there is no indication of a bad faith purpose for Defendant's

26  desire to add the proposed affirmative defenses, and the Court therefore finds that Defendant's

27  motion to amend its Answer is not motivated by bad faith.

28

United States District Court
Northern District of California

3

United States District Court
Northern District of California

1

2.      Undue Delay

2      "[D]elay alone no matter how lengthy is an insufficient ground for denial of leave to

3      amend."  *United States v. Webb*, 665 F.2d 977, 980 (9th Cir. 1981); *see also Morongo Band of*

4      *Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) ("The delay of nearly two years,

5      while not alone enough to support denial, is nevertheless relevant.").  However, undue delay

6      combined with other factors may warrant denial of leave to amend.  *See, e.g*, *Jackson*, 902 F.2d at

7      1387-89 (holding that prejudice and undue delay are sufficient to deny leave to amend); *Morongo*

8      *Band of Mission Indians*, 893 F.2d at 1079.

9           A moving party's inability to sufficiently explain its delay may indicate that the delay was

10     undue.  *Jackson*, 902 F.2d at 1388.  Whether the moving party knew or should have known the

11     facts and theories raised in the proposed amendment at the time it filed its original pleadings is a

12     relevant consideration in assessing untimeliness.  *Id.*  "[L]ate amendments to assert new theories

13     are not reviewed favorably when the facts and the theory have been known to the party seeking

14     amendment since the inception of the cause of action."  *Acri v. Int'l Ass'n of Machinists &*

15     *Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986).  "At some point . . . a party may not

16     respond to an adverse ruling by claiming that another theory not previously advanced provides a

17     possible [ground] for relief and should be considered."  *Ascon Prop., Inc. v. Mobil Oil Co.*, 866

18     F.2d 1149, 1161 (9th Cir. 1989) (quotation marks omitted).

19          The Court previously ordered that any amended pleadings be filed no later than September

20     29, 2014.  Defendant filed the instant motion on August 26, 2014, well in advance of the Court's

21     deadline.  The Court finds that there has been no undue delay under these circumstances.

22          3.      Prejudice to the Opposing Party

23     "The party opposing amendment bears the burden of showing prejudice."  *DCD Programs,*

24     *Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).  "A need to reopen discovery and therefore

25     delay the proceedings supports a district court's finding of prejudice from a delayed motion to

26     amend the complaint."  *Lockheed Martin Corp. v. Network Solutions*, 194 F.3d 980, 986 (9th Cir.

27     1999) (citing *Solomon v. North Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998)).

28     However, "[n]either delay resulting from the proposed amendment nor the prospect of additional

4

1   discovery needed by the non-moving party in itself constitutes a sufficient showing of prejudice."

2   *Tyco Thermal Controls LLC v. Redwood Indus.*, 2009 WL 4907512, at *3 (N.D. Cal. Dec. 14,

3   2009).

4        Plaintiff does not argue that granting leave to amend to add the four proposed affirmative

5   defenses would result in prejudice.  As the party opposing amendment, it is Plaintiff's burden to

6   demonstrate that prejudice would result.  *See DCD Programs*, 833 F.2d at 187.  Plaintiff has failed

7   to meet this burden, and the Court therefore finds that granting leave to amend to add the

8   affirmative defenses would not prejudice Plaintiff.

9        4.        Futility of Amendment

10       "A motion for leave to amend may be denied if it appears to be futile or legally

11   insufficient.  However, a proposed amendment is futile only if no set of facts can be proved under

12   the amendment to the pleadings that would constitute a valid and sufficient claim . . . ."  *Miller v.*

13   *Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (citations omitted).  The standard to be

14   applied is identical to that on a motion to dismiss for failure to state a claim under Rule 12(b)(6).

15   *Id.*

16       To satisfy the 12(b)(6) pleading standard, a plaintiff must plead his claim with sufficient

17   specificity to "give the defendant fair notice of what the claim is and the grounds upon which it

18   rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "[A] complaint must contain

19   sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A

20   claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

21   the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*,

22   556 U.S. 662, 663 (2009) (citation omitted) (internal quotation marks omitted).

23       Plaintiff argues that Defendant's fourth proposed affirmative defense, alleging Fraud,

24   Concealment, Deceit, is legally insufficient because it lacks any factual basis.[1]  Opp'n at 12-13.

25       Although the Ninth Circuit is clear that "the key to determining the sufficiency of pleading

26

27   [1] Plaintiff argues that the fourth proposed affirmative defense fails under Rule 9(b) because it does not plead fraud with specificity.  Opp'n at 12-13.  Because the Court finds that the proposed

28   defense fails even under Rule 8's pleading standard, it does not address Plaintiff's contention as it relates specifically to pleading fraud.

United States District Court
Northern District of California

1    an affirmative defense is whether it gives plaintiff fair notice of the defense," *Wyshak v. City*

2    *National Bank*, 607 F.2d 824, 827 (9th Cir. 1979), recent Supreme Court decisions have caused

3    courts to reevaluate the meaning of "fair notice" in the context of affirmative defenses, *see*

4    *Powertech Tech., Inc. v. Tessera, Inc.*, 2012 WL 1746848, at \*4 (N.D. Cal. May 16, 2012).

5    Although neither the Supreme Court nor the Ninth Circuit has yet addressed this issue, most courts

6    in this circuit have held that affirmative defenses are subject to the heightened pleading standard

7    mandated by *Twombly* and *Iqbal*.  *See, e.g.*, *Keil v. Equifax Info. Servs.*, 2013 WL 6001860, at \*2

8    (N.D. Cal. Nov. 12, 2013); *Perez v. Gordon & Wong Law Grp., P.C.*, 2012 WL 1029425, at \*6-8

9    (N.D. Cal. Mar. 26, 2012); *Barnes & Noble, Inc. v. LSI Corp*, 2012 WL 359713, at \*2 (N.D. Cal.

10   Feb. 2, 2012); *Dion v. Fulton Friedman & Gullace LLP*, 2012 WL 160221, at \*2 (N.D. Cal. Jan.

11   17, 2012); *Bottoni v. Sallie Mae, Inc.*, 2011 WL 3678878, at \*2 (N.D. Cal. Aug. 22, 2011); *J & J*

12   *Sports Prods., Inc. v. Mendoza-Govan*, 2011 WL 1544886, at \*1 (N.D. Cal. Apr. 25, 2011);

13   *Barnes v. AT&T Pension Benefit Plan-Non-Bargained Program*, 718 F. Supp. 2d 1167, 1171-72

14   (N.D. Cal. 2010).  The Court is persuaded by the reasoning of the many other courts that have

15   applied the heightened pleading standard to affirmative defenses.  Not only does this standard

16   serve the purpose of requiring a defendant to allege at least some factual basis in support of an

17   affirmative defense, but it also serves "to weed out the boilerplate listing of affirmative defenses

18   which is commonplace in most defendants' pleadings where many of the defenses alleged are

19   irrelevant to the claims asserted."  *Barnes*, 718 F. Supp. 2d at 1172.

20        Applying this standard, Defendant's proposed affirmative defense alleging Fraud,

21   Concealment, Deceit, fails on its face.  The proposed defense states only that "Plaintiff's claims

22   are barred, in whole or part, to the extent Plaintiff's acts and omissions were fraudulent, including

23   any concealment, misrepresentation and/or deceit, and caused harm to National Union pursuant to

24   statute and law."  Mot., Ex. A.  However, Defendant fails to allege any facts in support of these

25   broad allegations.  The proposed defense, as drafted, could not survive a Rule 12(b)(6) motion to

26   dismiss.  Granting leave to amend to add this defense would therefore be futile.  *See Miller*, 845

27   F.2d at 214.

28        This denial, however, is without prejudice.  Should Defendant wish to amend this proposed

United States District Court
Northern District of California

1    affirmative defense to comply with Rule 8 and Rule 9(b), it may do so.  The parties are then

2    **ORDERED** to meet and confer regarding the revised defense, and if they can reach agreement, to

3    file a stipulation to that effect with the Court.  If the parties cannot agree, Defendant may then file

4    another motion seeking leave to amend its answer to add this defense.

5              5.        Previous Amendments

6              Courts have broader discretion in denying motions for leave to amend after leave to amend

7    has already been granted.  *Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (citing

8    *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 879 (9th Cir. 1999)).  In *Chodos*, the Ninth Circuit

9    affirmed the district court's denial of leave to amend when the party knew of the factual basis for

10   the amendment prior to a previous amendment.  292 F.3d at 1003.  Further, a party that contends it

11   learned "new" facts to support a claim should not assert a claim that it could have pleaded in

12   previous pleadings.  *Edwards Lifesciences LLC v. Cook Inc.*, 2008 WL 913328, at *3 (N.D. Cal.

13   Apr. 2, 2008) (citing *Chodos*, 292 F.3d at 1003).

14             The instant motion is the first time Defendant has sought leave to amend in this case.  This

15   factor therefore does not inform the Court's analysis.

16             For the reasons set forth above, the Court **GRANTS** Defendant's motion for leave to

17   amend its Answer with respect to the proposed affirmative defenses of Failure to Perform

18   Conditions Precedent, Duty to Provide Notice, and Control of Defense and Settlement, and

19   **DENIES** Defendant's motion with respect to the proposed affirmative defense of Fraud,

20   Concealment, Deceit.

21                        **IV.  LEAVE TO FILE COUNTERCLAIM**

22   **A.        Legal Standard**

23             "The court may permit a party to file a supplemental pleading asserting a counterclaim that

24   matured or was acquired by a party after serving an earlier pleading."  Fed. R. Civ. P. 13(e).  Rule

25   13 identifies compulsory and permissive counterclaims.  Fed. R. Civ. P. 13(a)-(b).  Compulsory

26   counterclaims are those which arise out of the same "transaction or occurrence" that is the subject

27   of the opposing party's claim and which do not require joinder of a party over which the court

28   does not have jurisdiction.  Fed. R. Civ. P. 13(a).  In applying this rule, the Court should consider

United States District Court
Northern District of California

7

1    whether the "essential facts of the various claims are so logically connected that considerations of

2    judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Pochiro v.*

3    *Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1249 (9th Cir. 1987) (internal citations omitted).

4           When a counterclaim is compulsory, it is forfeited if it is not included in the party's

5    pleading, including its answer to a complaint. *Id.* However, if the counterclaim has matured after

6    the pleading was filed, the court may permit the party to supplement its pleading to assert the

7    counterclaim. Fed. R. Civ. P. 13(e). In this way, the counterclaim is not considered compulsory

8    although it may arise from the same transaction or occurrence as the opposing party's claim.

9    *Young v. City of New Orleans*, 751 F.2d 794, 800 (5th Cir. 1985).

10          If leave to file a counterclaim has been timely sought under Rule 13(e), the Court should

11   consider it under the same standard as that of an amendment under Rule 15. *See, e.g.*,

12   *Magnesystems, Inc. v. Nikken, Inc.*, 933 F. Supp. 944, 947 (C.D. Cal. 1996); *Intel v. Hyundai Elec.*

13   *Am., Inc.*, 692 F. Supp. 1113, 1117 (N.D. Cal. 1987). That is, a court should grant leave to amend

14   to add an omitted counterclaim unless the opposing party demonstrates bad faith, undue delay,

15   prejudice, or futility of amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

16   **B.     Discussion**

17          Defendant seeks leave to file its proposed Counterclaim, arguing that, due to issues that

18   have arisen since it filed its Answer, the relevant factors favor amendment.

19          On July 3, 2013, Plaintiff sent Defendant a letter informing it of twelve asbestos bodily

20   injury claims that had been filed against it. Dkt. No. 1, Ex. F. Defendant has a record of having

21   received this communication, but claims to have misplaced or lost it.[2] Schoefer Decl. ¶ 6. On

22   October 29, 2013, Plaintiff sent Defendant a second notice as to the twelve claims against it. Dkt.

23   No. 1, Ex. G. Defendant has no record of ever receiving the second communication. Schoefer

24

25   [2] Plaintiff objects to Laura Schoefer's declaration on several grounds, including lack of personal
     knowledge and competency to testify. Ms. Schoefer states under oath that she has personal
26   knowledge of the matters contained in her declaration, and there is no reason to believe that she is
     not competent to testify. Therefore, Plaintiff's objections on these grounds are **OVERRULED**.
27   Each party makes additional objections to the declarations and associated exhibits offered by its
     opposing party. The Court will rule on additional objections to the extent it relies on the relevant
28   portions of the challenged documents. With respect to portions on which the Court does not rely,
     those objections are **OVERRULED AS MOOT**.

United States District Court
Northern District of California

1    Decl. ¶ 6.  On March 20, 2014, Plaintiff filed suit in this matter.  *See* Dkt. No. 1.  On April 18,

2    2014, Defendant removed the case to federal court.  *See id.*  That same day, Defendant contacted

3    Plaintiff and stated that it would agree to defend Plaintiff against the twelve claims under a

4    reservation of rights.  Schoefer Decl., Ex. 2.  Defendant further stated that it had no record of the

5    July or October 2013 communications, and therefore the filing of Plaintiff's Complaint was

6    effectively its first notice of the matter.  *Id.*  On April 25, 2014, Defendant timely filed its Answer.

7    Dkt. No. 6.  On May 12, 2014, Defendant contacted Plaintiff, requesting further information

8    regarding the claims at issue.  Schoefer Decl., Ex. 3.  On May 19, 2014, Plaintiff responded that it

9    would prefer to defend all claims itself in an attempt to settle them, and then determine whether to

10   submit to Defendant a claim for coverage.[3]  *Id.*, Ex. 4.  On May 23, 2014, Defendant again

11   contacted Plaintiff, requesting additional information about the claims and reiterating its desire to

12   be involved in their defense.  *Id.*, Ex. 5.  Over the next several months, Defendant repeatedly

13   requested additional information about the claims.  *Id.*, Exs. 6, 7.  On August 19, 2014, Plaintiff

14   provided Defendant with information about some of the claims.[4]  *Id.* ¶ 21.  On August 26, 2014,

15   well in advance of the Court's deadline for seeking to amend pleadings, Defendant filed the instant

16   motion for leave to amend.

17        Plaintiff argues that Defendant's Counterclaim should be disallowed for several reasons:

18   (1) the counterclaims are not logically connected to Plaintiff's claims; (2) Defendant's claim for

19   contribution is not ripe; (3) Defendant's claim for contribution would prejudice Plaintiff; (4)

20   Defendant's proposed Fourth, Fifth, Sixth, Seventh, and Eighth causes of action are futile; and (5)

21

*United States District Court*
*Northern District of California*

22   ────────────────────────

[3] Plaintiff objects to the inclusion of this exhibit on the grounds that it is an inadmissible

23   settlement communication.  Opp'n at 10.  However, on July 31, 2014, Plaintiff suggested that the
     parties meet to discuss a potential resolution to this case.  Supplemental Thorpe Decl. Ex. 11.  In

24   that communication, Plaintiff expressly stated that it did not intend any of its past correspondence
     – which would include the May 19, 2014 letter – to be protected as privileged settlement

25   communications.  *Id.*  Plaintiff cannot now claim that a letter that it did not consider to be a
     settlement communication in July is suddenly a settlement communication in October.

26   Accordingly, Plaintiff's objection to this exhibit is **OVERRULED**.
     [4] Plaintiff objects to this portion of Ms. Schoefer's declaration as violative of the Best Evidence

27   Rule.  Ms. Schoefer does not reference this communication in an effort to prove its content, but
     rather to demonstrate that it was not until August 19, 2014 that Plaintiff provided Defendant with

28   any information regarding the asbestos claims.  Therefore the Best Evidence Rule is not
     implicated and Plaintiff's objection is **OVERRULED**.  *See* Fed. R. Evid. 1002.

1    Defendant's proposed First, Second, and Third causes of action are duplicative of its affirmative

2    defenses.  The Court shall address each argument in turn.

3            1.      Logical Connection

4            A counterclaim is logically connected when it "arises from the same aggregate set of

5    operative facts as the initial claim, in that the same operative facts serve as the basis of both claims

6    or the aggregate core of facts upon which the claim rests activates additional legal rights otherwise

7    dormant in the defendant." *Mattel, Inc. v. MGA Entm't, Inc.*, 705 F.3d 1108, 1110 (9th Cir. 2013)

8    (quoting *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1196 (9th Cir. 2005)).

9            Defendant's proposed Counterclaim arises from the same set of facts that will be essential

10   to a decision on the merits of Plaintiff's claims.  Both the Counterclaim and the Complaint arise

11   from issues surrounding Plaintiff's tender of the asbestos claims to Defendant, Defendant's

12   response to that tender, and the coverage that might be available for those claims.  The Court

13   therefore finds that there is a logical connection between Plaintiff's Complaint and Defendant's

14   proposed Counterclaim.

15           2.      Ripeness of Equitable Contribution Claim

16           The right to equitable contribution is the right to recover from a co-obligor who shares

17   liability with the party seeking contribution.  *Fireman's Fund Ins. Co. v. Maryland Cas. Co.*, 65

18   Cal. App. 4th 1279, 1293 (1998).  "In the insurance context, the right to contribution arises when

19   several insurers are obligated to indemnify or defend the same loss or claim, and one insurer has

20   paid more than its share of the loss or defended the action without any participation by the others."

21   *Id.*  Although there is no right to contribution until an obligor has already paid the inflated share,

22   "equitable indemnity claims may be pled in a cross-complaint before any defendant has been

23   found liable."  *NuCal Foods, Inc. v. Quality Egg LLC*, 918 F. Supp. 2d 1037, 1042 (E.D. Cal.

24   2013).

25           Here, although Defendant currently has no right to contribution, given that it has not paid

26   anything to Plaintiff, the Court finds that the ripeness doctrine does not bar Defendant from

27   asserting its equitable contribution claim in its proposed Counterclaim.

28

United States District Court
Northern District of California

United States District Court
Northern District of California

1        3.      Prejudice Stemming From Contribution Claim

2       As discussed above, prejudice to the opposing party is the most important factor for the

3 Court to consider when determining whether to grant leave to amend. *See Jackson*, 902 F.2d at

4 1387. However, neither delay nor the possibility of additional discovery needed by the opposing

5 party in itself constitutes a sufficient showing of prejudice to prevent the Court from granting

6 leave to amend. *See Tyco Thermal Controls LLC*, 2009 WL 4907512, at *3.

7       Plaintiff argues that permitting Defendant to proceed with its contribution theory would

8 needlessly complicate this action by increasing discovery and delaying resolution. Opp'n at 15.

9 Plaintiff suggests that Defendant wait until this litigation is resolved, and then file a separate

10 action seeking contribution if necessary. *Id.* Defendant responds that concerns regarding judicial

11 economy and the possibility of res judicata, collateral estoppel, and waiver support permitting

12 Defendant to proceed with its contribution theory in this action. Reply at 9-10. The Court agrees

13 with Defendant. The possibilities of additional discovery or delay are not by themselves sufficient

14 to demonstrate prejudice. *See Tyco Thermal Controls LLC*, 2009 WL 4907512, at *3. Thus, the

15 Court finds that Plaintiff will not be unduly prejudiced by permitting Defendant to proceed with its

16 contribution theory.

17         4.      Futility of Amendment

18       As discussed above, whether amendment would be futile is judged according to the same

19 standard as a Rule 12(b)(6) motion to dismiss. Plaintiff contends that Defendant's proposed

20 Fourth, Fifth, Sixth, Seventh, and Eighth causes of action are futile because they could not survive

21 a motion to dismiss.[5]

22       Plaintiff first contends that several of Defendant's proposed causes of action must fail

23 because Defendant falsely alleges that it complied with its obligations under its policies with

24 Plaintiff. Whether Defendant actually satisfied its contractual obligations under the policies is a

25 question of fact, not suitable for disposition at this stage of the litigation where the Court need

26

27 ---
[5] Defendant also asks the Court to treat Plaintiff's futility arguments as a motion to dismiss, rather
28 than an opposition to a motion for leave to amend. The Court finds that this would be unfair and therefore declines to do so.

1    only ask whether, accepting Defendant's factual allegations as true, Defendant has alleged

2    sufficient facts to state a plausible claim to relief.  *See Twombly*, 550 U.S. at 570.  Therefore, this

3    factual question does not demonstrate that amendment would be futile.

4          Plaintiff next argues that Defendant's proposed breach of contract claim is fatally flawed.

5    The elements for a breach of contract claim are (1) the existence of a contract; (2) under which one

6    party performed or was excused from performance; (3) breach by the other party; and (4) resulting

7    damages.  *Oasis W. Realty LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011).  Plaintiff contends that

8    Defendant cannot satisfy the second and fourth elements.  Opp'n at 18.  With respect to the second

9    element, Defendant responds that it has alleged that it performed its duties under the contracts or,

10   to the extent it did not, that its performance was excused by Plaintiff's alleged breach.  Reply at

11   11.  With respect to the fourth element, Defendant contends that it has sufficiently alleged that it

12   suffered damages due to Plaintiff's alleged breach.  *Id.* at 11-12.  Specifically, Defendant alleges

13   that, because it was not permitted to defend and settle the asbestos claims, it may be required to

14   pay debts Plaintiff voluntarily incurred.  The Court finds that the breach of contract allegations are

15   sufficient.

16         With respect to Defendant's proposed cause of action for breach of the covenant of good

17   faith and fair dealing, Plaintiff argues that it is impermissible for Defendant to assert Plaintiff's

18   alleged breach to absolve itself of tort liability for its own alleged breach of the covenant.  Opp'n

19   at 18.  However, such evidence "may support a number of contract defenses to a bad faith action,

20   by voiding coverage, [or] factually disproving the insurer's bad faith by showing the insurer acted

21   reasonably under the circumstances . . . ."  *Kransco v. Am. Empire Surplus Lines Ins. Co.*, 23 Cal.

22   4th 390, 410 (2000).  The Court finds that, under the circumstances of this case where Defendant

23   will attempt to demonstrate that it performed under the policies while Plaintiff did not, it is

24   appropriate to permit Defendant to assert this cause of action in its Counterclaim.

25         With respect to Defendant's proposed cause of action for Concealment-Fraud, Plaintiff

26   argues that it fails to state a claim because it is insufficiently specific, it is unsupported by factual

27   allegations, and it fails to demonstrate that Defendant incurred any harm due to the alleged

28   concealment.  Opp'n at 19-21.  "[T]he indispensable elements of a fraud claim include a false

United States District Court
Northern District of California

12

representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003) (citation and internal quotation marks omitted). Rule 9(b) requires specificity when pleading fraud, that is, the pleader must include "the who, what, when, where, and how" of the alleged fraud. *Magdaleno v. Indymac Bancorp, Inc.*, 853 F. Supp. 2d 983, 993 (E.D. Cal. 2011). When alleging fraud by a corporation, the pleader's burden is greater; the pleader "must allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Id.* (citation and internal quotation marks omitted).

Defendant contends that it should not be held to this standard because it is clear under these circumstances that Plaintiff is in full possession of the details of its alleged concealment. This argument must fail. Whenever a party alleges fraud against a corporation, it is likely that the corporation is in the better position to know the "who, what, when, where, and how" of the alleged fraud. *See id.* That the corporation has superior knowledge does not, however, relieve the opposing party of its burden to plead fraud with the requisite specificity.

Defendant's proposed fraud cause of action does not contain adequate specificity to survive a Rule 12(b)(6) motion to dismiss. It alleges concealment in general terms, but does not contain sufficient factual detail to render it viable. Accordingly, the Court finds that granting leave to file this cause of action would be futile.[6] Should Defendant wish, it may attempt to amend this cause of action to comply with Rule 9(b) pursuant to the same procedure the Court outlined above with respect to Defendant's proposed affirmative defense of Fraud, Concealment, Deceit. However, as the Court notes below regarding duplicative pleadings, because this cause of action is duplicative of an affirmative defense, Defendant may choose to amend one or the other, but not both.

Plaintiff next argues that Defendant's proposed cause of action for reformation is untimely, and also runs afoul of Rule 9(b)'s requirement that fraud and mistake be pleaded with specificity. Opp'n at 21-22. Reformation is available "[w]hen, through fraud or a mutual mistake of the

---

[6] Because the Court finds that the Concealment-Fraud cause of action fails under Rule 9(b), it does not address Plaintiff's further futility arguments as to this cause of action.

United States District Court
Northern District of California

1    parties, or a mistake of one party, which the other at the time knew or suspected, a written contract

2    does not truly express the intention of the parties . . . ." Cal. Civ. Code § 3399.  Defendant's

3    proposed cause of action for reformation states only that, if there is any contention that the policies

4    were unclear and do not specifically set forth that they apply only to Texas claims, that lack of

5    clarity arose from a mistake and the policies therefore do not truly express the parties' agreement.

6    Mot., Ex. B, ¶ 70.  This cause of action suffers from a similar defect as Defendant's proposed

7    Concealment-Fraud cause of action, discussed above.  The Court finds that the proposed

8    reformation cause of action is insufficiently particular under Rule 9(b) and therefore granting

9    leave to amend to add this cause of action would be futile.[7]  Should Defendant wish, it may

10   attempt to amend this cause of action to comply with Rule 9(b) pursuant to the same procedure the

11   Court outlined above.

12        With respect to Defendant's proposed cause of action for Contribution, Indemnity,

13   Subrogation, Plaintiff argues that it is not viable because it seeks to recover from both Plaintiff,

14   and Plaintiff's other insurers whose policies are now allegedly exhausted.  Opp'n at 22-24.

15   Specifically, Plaintiff contends that, in the event Defendant is unable to seek contribution from

16   Plaintiff's other insurers, it is impermissible to place Plaintiff in the insurers' shoes and seek

17   contribution directly from Plaintiff.  *See Pasternak v. Boris*, 99 Cal. App. 4th 907, 931 (2002)

18   ("[A] contract of indemnity obligates the indemnitor to reimburse his indemnitee for loss suffered,

19   or to save him harmless from liability, but never directly to perform the obligation indemnified.").

20   However, Defendant's proposed cause of action would not necessarily require Plaintiff to perform

21   the obligations of its other insurers.  It may well be the case that, pursuant to this cause of action,

22   Defendant will seek contribution directly from the other insurers who will themselves then seek

23   indemnification from Plaintiff.  At this stage of the proceedings, the Court cannot say that this

24   cause of action is not viable, and the Court therefore finds that granting leave to amend to add this

25   cause of action would not be futile.

26

27

28   [7] As above, because this cause of action fails under Rule 9(b), the Court will not address Plaintiff's timeliness argument.

United States District Court
Northern District of California

14

United States District Court
Northern District of California

1        5.       Duplicative Claims

2        Finally, Plaintiff asks the Court to exercise its discretion to deny Defendant leave to assert

3   its First, Second, and Third proposed causes of action on the grounds that they are duplicative of

4   several of the affirmative defenses set forth in the Answer.  Opp'n at 24.  These proposed causes

5   of action are as follows: (1) Declaratory Relief - Right to Control Defense; (2) Declaratory Relief -

6   Duty to Cooperate, Notice, Voluntary Payments, Other Insurance, Subrogation Rights; and (3)

7   Declaratory Relief - Texas Only Claims.  Mot., Ex. B ¶¶ 33-47.  These proposed causes of action

8   are largely duplicative of several affirmative defenses set forth in the Answer, specifically the

9   Eighth Affirmative Defense - Duty to Cooperate; the Ninth Affirmative Defense - Duty to Provide

10  Notice; the Tenth Affirmative Defense - Control of Defense and Settlement; the Twelfth

11  Affirmative Defense - Voluntary Payments; the Fifteenth Affirmative Defense - Other Insurance;

12  and the Sixteenth Affirmative Defense - Contribution.  Mot., Ex. A at 9-11.  Only the third cause

13  of action, for declaratory relief regarding Texas-only claims, is not duplicated in the amended

14  answer.

15       Rule 15 permits the Court to grant leave to amend a pleading whenever "justice so

16  requires."  Fed. R. Civ. P. 15.  However, when a party has already asserted the same issues it seeks

17  to assert as counterclaims as affirmative defenses, "granting defendant leave to assert the

18  declaratory counterclaims does not serve 'the interests of justice.'"  *Vaxiion Therapuetics, Inc. v.*

19  *Foley & Lardner LLP*, 2008 WL 538446, at *3 (S.D. Cal. Feb. 27, 2008) (citing *Johnson v.*

20  *Buckley*, 356 F.3d 1067, 1078 (9th Cir. 2004)).

21       The Court finds that Defendant has sufficiently raised the issues encompassed by proposed

22  causes of action One and Two in the affirmative defenses in the Answer.  Therefore, the interests

23  of justice would not be served by permitting Defendant to duplicate these issues in its

24  Counterclaim.  However, as to Defendant's proposed cause of action Three – for declaratory relief

25  regarding Texas-only claims – the Court finds that this precise issue is not duplicated in the

26  Answer, and therefore the interests of justice would be served by granting leave to amend to assert

27  this cause of action.

28

15

United States District Court
Northern District of California

### V.  CONCLUSION

The Ninth Circuit has instructed that Rule 15's policy in favor of amendment is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).  Therefore, based on the analysis above, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion for Leave to Amend Answer and Add Counterclaims. Specifically, the Court **GRANTS** Defendant's motion for leave to amend its Answer with respect to the proposed affirmative defenses of Failure to Perform Conditions Precedent, Duty to Provide Notice, and Control of Defense and Settlement, and **DENIES** Defendant's motion with respect to the proposed affirmative defense of Fraud, Concealment, Deceit; **GRANTS** Defendant's motion for leave to file a Counterclaim with respect to causes of action Three, Four, Five, and Eight, and **DENIES** the motion with respect to causes of action One, Two, Six, and Seven.

**IT IS SO ORDERED.**

Dated: October 17, 2014

_____
MARIA-ELENA JAMES
United States Magistrate Judge